HONORABLE RICARDO S. MARTINEZ

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| REYNALDO D. VINLUAN, an individual,<br><br>Plaintiff<br>v.<br><br>FIDELITY NATIONAL TITLE AND ESCROW COMPANY, a Washington Corporation; UNITED PACIFIC MORTGAGE, d/b/a AVENTUS, INC., a Washington Corporation; SAXON MORTGAGE SERVICE, INC., a Texas Corporation; OCWEN LOAN SERVICING, a Florida Corporation; DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL I INC. TRUST 2007-NC3 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-NC-3, a Delaware Corporation; REGIONAL TRUSTEE SERVICE CORPORATION, a Washington Corporation; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation,<br><br>Defendants. | **NO. 2:10-cv-01289-RSM**<br><br>**AMENDED COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND PERMANENT INJUNCTION; ACTION TO QUIET TITLE; WRONGFUL FORECLOSURE; LIBEL/DEFAMATION OF TITLE; MALICIOUS PROSECUTION; VIOLATION OF THE CONSUMER PROTECTION ACT, RCW 19.86, ET. SEQ.**<br><br>*(Clerks Action Required)* |

RICHARD LLEWELYN JONES, P.S.
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

**COMES NOW** the Plaintiff, REYNALDO D. VINLUAN, by and through his attorneys, RICHARD LLEWELYN JONES, P.S., and files this Amended Complaint against the Defendants hereby alleging as follows:

## I. PARTIES

1.1 *Plaintiff.* Plaintiff REYNALDO D. VINLUAN, is now and was at all times herein mentioned a resident in Seattle, King County, Washington. Said Plaintiff is the owner of certain real property, situated in King County, state of Washington, legally described as follows:

> Unit 606 of TWENTY-THIRD & MAIN, a condominium, according to the Declaration thereof recorded under King County Recording No. 200001101000944, and any amendments thereto, and in Volume 169 of Condominiums, 54 through 63, records of King County, Washington.
>
> Commonly known as: 303 23rd Avenue South, #606, Seattle, WA 98144-2380 (hereinafter "the Property").

1.2 *Defendant FIDELITY NATIONAL TITLE AND ESCROW COMPANY.* Fidelity National Title and Escrow Company, is a Washington corporation that is trustee under the deed of trust related to the property. This defendant is hereinafter referred to as "Fidelity".

1.3 *Defendant UNITED PACIFIC MORTGAGE d/b/a AVENTUS, INC.* United Pacific Mortgage d/b/a Aventus, Inc. is a Washington corporation and is the originating lender/beneficiary under the deed of trust. This Defendant is hereinafter referred to as "United Pacific".

1.4 *Defendant SAXON MORTGAGE SERVICE, INC.* Saxon Mortgage Service, Inc is a Texas corporation and the second servicer of the mortgage related to the property. This Defendant is hereinafter referred to as "Saxon".

RICHARD LLEWELYN JONES, P.S.
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

1.5 *Defendant OCWEN LOAN SERVICING.* Ocwen Loan Servicing is a Florida corporation and the third servicer of the mortgage related to the property. This Defendant is hereinafter referred to as "Ocwen".

1.6 *Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL I INC. TRUST 2007-NC-3 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007 NC-3.* Defendant is a Delaware corporation and is hereinafter referred to as "Deutsche."

1.7 *Defendant REGIONAL TRUSTEE SERVICE CORPORATION.* Regional Trustee Service Corporation is a Washington corporation and is hereinafter referred to as "Regional Trustee."

1.8 *Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.* Mortgage Electronic Registration Systems, Inc., is a Delaware corporation. This Defendant is hereinafter referred to as "MERS".

1.9 *Doe Defendants 1-20.* Doe Defendants 1-20 were at all times mentioned herein, the Defendants, and each of them, were the principals, successors or assigns, agents, servants, representatives and/or employees of each of the remaining Defendants and were acting within the course and scope of such agency or employment. The exact terms and conditions of any succession, assignment, agency, representation or employment relationships are presently unknown to Plaintiff, but when the information is ascertained, leave of court will be sought to insert the appropriate allegations.

**RICHARD LLEWELYN JONES, P.S.**
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

1.10 No party named herein is a minor, in the military service of the United States, as defined by the Soldier's and Sailor's Relief Act of 1942, as subsequently amended and re-codified under the Service members Civil Relief Act, or otherwise incompetent.

1.11 At all time relevant to this cause of action, the above-named Defendants acted for and on behalf of themselves, each other and, where appropriate, their respective martial communities.

## II. JURISDICTION AND VENUE

2.1 The King County Superior Court has jurisdiction and venue is properly laid with said court because this action involves title to certain real property located in King County, Washington. The United States District Court Western District of Washington does not have jurisdiction and venue is not properly laid with this court because there is no claim or right arising under the laws of the United States pursuant to this Amended Complaint.

## III. FACTS

3.1 Plaintiff executed a Deed of Trust recorded on December 14, 2006, with Defendant Fidelity as trustee, naming MERS as purported beneficiary; the lender was identified as United Pacific. This instrument was recorded in King County under Recordation No. 20061214002367, encumbering the Property. A true and correct copy of said deed of trust is attached here and incorporated herein by this reference as ***Exhibit "A"***.

3.2 As of December 14, 2006, and subsequently at all times thereafter, the Plaintiff owed to MERS no monetary or other obligation under the terms of any promissory note or other evidence of debt executed contemporaneously with the deed of trust referenced in paragraph 3.1.

RICHARD LLEWELYN JONES, P.S.
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

3.3 On May 13, 2009, a Plaintiff sent to Saxon a Request for Modification of Loan by U.S. certified mail. A true and correct copy of said letter is attached herein and incorporated by reference as ***Exhibit "B."***

3.4 On June 24, 2009, Saxon sent to Plaintiff a letter regarding recalculation of Plaintiff's Note. A true and correct copy of said letter is attached herein and incorporated by reference as ***Exhibit "C."***

3.5 On July 2, 2009, Saxon sent to Plaintiff a letter informing him that foreclosure process has been initiated. A true and correct copy of said letter is attached herein and incorporated by reference as ***Exhibit "D."***

3.6 On July 7, 2009, Defendant Regional Trustee Services Corporation, as "trustee and/or agent for the beneficiary," executed a Notice of Default. A true and correct copy of said Notice of Default is attached herein and incorporated by reference as ***Exhibit "E."***

3.7 On July 7, 2009, Defendant MERS executed, as beneficiary of the security instrument referenced in paragraph 3.1, an Appointment of Successor Trustee nominating Defendant Regional Trustee as trustee. This instrument was recorded in King County under Recordation No. 20090821002454 on August 21, 2009. A true and correct copy of said Appointment of Successor Trustee is attached here and incorporated herein by this reference as ***Exhibit "F".***

3.8 On August 20, 2009, Defendant Regional Trustee executed a Notice of Trustee's Sale in connection with the Property. This instrument was recorded in King County under Recording Number 20090821002455 on June 1, 2010. A true and correct copy of said notice is attached here and incorporated herein by this reference as ***Exhibit "G".***

RICHARD LLEWELYN JONES, P.S.
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

3.9 On November 24, 2009, Defendant Regional Trustee executed a Discontinuance of Trustee's Sale in connection with the Property. This instrument was recorded in King County under Recording Number 20091201000902. A true and correct copy of said notice is attached here and incorporated herein by this reference as ***Exhibit "H".***

3.10 Defendant MERS executed an Assignment of Deed of Trust, under which Defendant Deutsche is the deed of trust assignee. Under this instrument, the purported date of the assignment of deed of trust is November 16, 2009, however, the instrument is notarized on April 5, 2010. This instrument was recorded in King County under Recording Number 20100421000723 and recorded on April 21, 2010. A true and correct copy of said notice is attached here and incorporated herein by this reference as ***Exhibit "I".***

**IV. CAUSE OF ACTION VIOLATION OF CONSUMER PROTECTION ACT**

4.1 Plaintiff repeats and realleges each and every item and allegation above as if fully and completely set forth herein.

4.2 Defendants have violated the Consumer Protection Act, *RCW 19.86, et seq.*, through a course of conduct in executing, recording and relying upon documents that it knew or should have known to be false and that have the capacity to deceive a substantial portion of the public.

4.3 In promulgating false and improperly executed documents Defendants are engaged in deceptive acts.

4.4 Defendant Regional Trustee violated provisions of *RCW 61.24*.

**RICHARD LLEWELYN JONES, P.S.**
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

4.5 Defendants have engaged in these activities as part of a normal course of business and commerce. Such activities are likely to be repeated affecting the people of the State of Washington.

4.6 The public interest is negatively impacted by the pattern of conduct engaged in by Defendants as evidenced by the repeated acts and obvious potential for repetition.

4.7 The Plaintiff has suffered injury as outlined above and below, in addition the distraction and loss of time to pursue business and personal activities due to the necessity of addressing the wrongful conduct through this and other actions. These injuries are solely the result of the conduct of the Defendants in this action.

4.8 Several named Defendants are jointly and severally liable as said Defendants knowingly executed and directed documents to Plaintiff or Defendant Regional Trustee at such time they knew or should have known contained false statements.

## V. CAUSE OF ACTION FOR LIBEL/DEFAMATION OF TITLE

5.1 Plaintiff repeats and realleges each and every item and allegation above as if fully and completely set forth herein.

5.2 Defendant Regional Trustee made a false and defamatory statement against Plaintiff and the title to Plaintiff's property by recording and publishing a Notice of Trustee's Sale when it had no legal right to do so. Such action was not protected by any privilege, was the result of said Defendant's malicious, reckless or negligent conduct, had the potential effect of defeating Plaintiff's title, and had a prejudicial effect upon Plaintiff's reputation and damaged his ability to negotiate with third parties in addition to other damages.

RICHARD LLEWELYN JONES, P.S.
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

5.3 Several named Defendants are jointly and severally liable as said Defendants knowingly executed and directed documents to Plaintiff, third parties or Defendant Regional Trustee at such time as they knew or should have known said documents contained false statements.

## VI. CAUSE OF ACTION FOR MALICIOUS PROSECUTION

6.1 Plaintiff repeats and realleges each and every item and allegation above as if fully and completely set forth herein.

6.2 Defendant Regional Trustee embarked upon the above described course of conduct to dispossess the Plaintiff of his residence with actual or imputed knowledge of the impropriety of such action. The Defendant had no basis for a reasonable belief that the actions taken were proper.

6.3 These actions described above were taken in reckless disregard of the rights of the Plaintiff and sought to seize and put up for sale the Plaintiff's property giving rise to the damages and injuries herein described.

6.4 Several named Defendants are jointly and severally liable as said Defendants knowingly executed and directed documents to Defendant Regional Trustee at such time they knew or should have known said documents contained false statements.

## VII. CAUSE OF ACTION FOR WRONGFUL FORECLOSURE

7.1 Plaintiff repeats and realleges each and very item and allegation above as fully and completely set forth herein.

7.2 Defendant MERS did not at the time of the deed of trust was executed, nor at any subsequent time thereafter, meet the definition of "Beneficiary" under *RCW 61.24.005.*

RICHARD LLEWELYN JONES, P.S.
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

Therefore MERS cannot ever have the right to foreclose under the Deed of Trust nor legally assign such right, since that right is reserved to the owner and holder of the subject Promissory Note. It is Plaintiff's contention, based upon the foregoing, that the subject transaction is nothing more than a sham and therefore the appointment of Regional Trustee as successor trustee by MERS was invalid.

7.3 *RCW 61.24.020* requires that only those deeds of trust that "secure the performance of an obligation of the grantor or another **to the beneficiary** may be foreclosed by trustee's sale." Plaintiff at no time was obligated to perform any obligation to MERS.

7.4 Defendants have violated the provisions of *RCW 61.24*.

7.5 Based upon the facts alleged herein the Defendants have engaged in a wrongful foreclosure against the Plaintiff for which the sale should be permanently enjoined.

## VIII. ACTION TO QUIET TITLE

8.1 The Plaintiff is the owner in fee, and is in possession of, the subject Property.

8.2 Plaintiff acquired his interest in the property by virtue of the events herein described in that MERS was not a legitimate beneficiary under *RCW 61.24.005* and further that several Defendants have engaged in transactions that have irreparably severed the promissory note from the deed of trust.

8.3 Plaintiff has been in the actual and uninterrupted possession of the Property since the dates previously set forth.

## IX. PRAYER FOR RELIEF

9.1 That judgment be entered against all of the Defendants, jointly and severally, for all damages in an amount to be proven at the time of trial;

RICHARD LLEWELYN JONES, P.S.
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322

9.2 That the actions of some or all of the Defendants be determined to be unfair and deceptive business practices in violation of *RCW 19.86*, *et seq.* and that this Court award all such relief to Plaintiff as they may be entitled, including treble damages and an award for costs and attorneys fees;

9.3 That the Plaintiff be awarded consequential damages, including attorney's fees incurred to bring this action and all other attorney's fees incurred in defending against the actions of the Defendants described more particularly above, in an amount to be proved at trial;

9.4 That the Plaintiff be awarded statutory damages available under any applicable statutes, or any other statutory basis that may emerge at trial.

9.5 That Plaintiff's title to the Property be established and quieted in him in fee simple, against any and all claims of the Defendants, or any of them;

9.6 That the Defendants, and each of them, be forever barred from having or asserting any right, title, estate, lien, or interest in or to the property herein described adverse to Plaintiff; and

9.7 That the Plaintiff have such other and further relief as may be just and equitable.

DATED this 17th day of August, 2010.

RICHARD LLEWELYN JONES, P.S.

Richard Llewelyn Jones, WSBA # 12904
Attorney for Plaintiff

RICHARD LLEWELYN JONES, P.S.
ATTORNEY AT LAW
2050 – 112th Avenue N.E.
Suite 230
Bellevue, Washington 98004
(425) 462-7322